UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON

JAMES PLUMLEY, et al.,

    Plaintiffs,

                             CASE NO.: 2:11-cv-00311

PROGRESSIVE CLASSIC INSURANCE
COMPANY,

    Defendant.

**O R D E R**

Currently pending before the court are (1) Progressive Classic Insurance Company's Motion to Compel Discovery Responses, filed March 2, 2012 (ECF No. 21); and (2) Plaintiffs' Motion to Compel Discovery Responses, filed March 15, 2012 (ECF No. 29). The parties have responded (ECF No. 31) and replied (ECF No. 32) to Progressive Classic Insurance Company's ("Progressive") Motion, and Progressive responded to the plaintiffs' Motion (ECF No. 33), making the matters ripe for decision.

Progressive's Motion

Progressive served discovery on the plaintiffs, and Progressive agreed to refrain from filing a motion to compel until February 2, 2012. The plaintiffs filed responses on February 1, 2012. Progressive argues that the plaintiffs' responses to interrogatory numbers 3, 4, 5, 11 and 12 and responses to request for

production numbers 1, 2, 6, 10, 11, 12, 13, 14 and 15 are insufficient.  (ECF No. 21, pp. 1-2.)

In response, the plaintiffs argue that they were unable to answer Progressive's discovery completely because Progressive served incomplete responses to the plaintiffs' discovery served on Progressive:  "Plaintiffs assert it was impossible to answer the questions requested by Defendant without having the discovery that was requested, which resulted in Plaintiffs being unable to supplement their discovery."  (ECF No. 31, p. 2.)  Because neither party complied with the other's request to supplement, the above-referenced Motions were filed.

In reply, Progressive points out that the plaintiffs did not complain in a timely manner about the deficiencies contained in Progressive's responses to the plaintiffs' discovery.  Progressive further asserts that James Plumley's discovery responses do not support his contention that any deficiencies in his responses are due to alleged deficiencies in Progressive's discovery responses.   (ECF No. 32, p. 2.)

Plaintiffs' Motion

The plaintiffs served the at issue discovery on November 29, 2011, and Progressive filed responses on December 20, 2011.  On February 28, 2012, plaintiffs' counsel wrote to Progressive's counsel regarding insufficiencies in the responses.  Progressive failed to respond to the letter.  (ECF No. 30, pp. 1, 4.)

Progressive argues that it was not contacted by the plaintiffs until March 2, 2012, regarding Progressive's discovery responses, and that it did not receive the February 28, 2012 letter.  Progressive argues that the plaintiffs' Motion, filed March 15, 2012, is untimely and should be denied.  Progressive points out that

the Motion was filed after February 1, 2012, the discovery cut off deadline and two and a half months after the plaintiffs received Progressive's responses. (ECF No. 33, pp. 1-2.)

Analysis

The court has carefully reviewed and considered both Motions. The court finds that the issues raised in plaintiffs' Motion to compel are waived as untimely. "Motions to compel ... not filed within 30 days after the discovery response or disclosure was due are waived, and in no event provide an excuse, good cause or reason to delay trial or modify the scheduling order." Local Rules of the United States District Court for the Southern District of West Virginia, Local Rule of Civil Procedure 37.1(c). Progressive filed responses to the at issue discovery on December 20, 2011, making any motion to compel due on or before January 19, 2012. The Motion was untimely and, as a result, must be denied.

Regarding Progressive's Motion, it was filed in a timely manner, and while the plaintiffs argue that they could not respond because they lacked the discovery responses from Progressive which were necessary to respond to the at-issue discovery from Progressive, a review of the discovery indicates this is not entirely the case. The court finds that plaintiffs should provide full and complete responses to interrogatory numbers 3, 4, 5, 11 and 12. Regarding request for production numbers 1, 2, 6, 10, 11, 12, 13, 14 and 15, the court finds that the plaintiffs' responses are adequate and, as a result, Progressive's Motion is denied as to these requests. As to request for production number 6 in particular, the plaintiffs have indicated they have nothing other than what Progressive has produced. The court finds that the plaintiffs need not produce documents that

their expert, Vince King, may possess because of his work in other cases related to Progressive.

Based on the above, it is hereby **ORDERED** that Progressive Classic Insurance Company's Motion to Compel Discovery Responses is **GRANTED in part** and **DENIED in part** as set forth more fully above. It is further hereby **ORDERED** that Plaintiffs' Motion to Compel Discovery Responses is **DENIED**. The parties shall bear their own costs.

The Clerk is directed to transmit this Order to all counsel of record.

ENTER: April 26, 2012

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge